IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:96-CR-9-6H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| JERMAINE FARMER, | ) |
| Defendant. | ) |

    This matter is before the court on defendant's motion for a sentence reduction pursuant to Section 404 of the First Step Act [DE #365]. Counsel was appointed under the relevant standing order, but then moved to withdraw at the request of defendant, as he desired to proceed pro se. The court granted the motion allowing withdrawal, and subsequently ordered the government to respond to the pro se motion. The government has responded, and United States Probation has provided this court with a Modification to the Presentence Investigation Report [DE #370]. No further filings have been made, and the time for doing so has expired. This matter is ripe for adjudication.

**I.**   **§ 404 Motion**

    The First Step Act of 2018 ("First Step Act") makes

certain provisions of the Fair Sentencing Act of 2010 retroactively applicable to defendants sentenced prior to its enactment. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for [certain offenses involving cocaine base] may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b). In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted).

## II. Background

On March 25, 1996, Defendant pled guilty to conspiracy to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. 841(a)(1) and 846 ("Count 1"). The conspiracy was alleged to have occurred beginning in or about January 1, 1988, and continuing until December 31, 1995. Count 1 carried a statutory penalty of a

minimum of 10 years up to life imprisonment. In the Presentence Investigation Report ("PSR"), defendant was held accountable for 2,080 grams of cocaine base (crack). [PSR ¶ 9]. At sentencing, this court determined defendant's total offense level to be 37, his criminal history category III, and an applicable guideline range of 262 to 327 months imprisonment. [D.E. 329]. Defendant was sentenced to the custody of the Bureau of Prisons for 300 months consecutive to a state sentence imposed to be followed by a 5-year term of supervised release. [D.E. 159].

On August 28, 1998, defendant was convicted in Cumberland County District Court, Fayetteville, NC, of Sale and Delivery of Cocaine (94CRS6493), Common Law Robbery (94CRS15446), and Second-Degree Murder (96CRS5953) and was given concurrent sentences of 3 years, 3 years, and 225 to 279 months, respectively, which he served prior to his federal sentence. That same date, he was also convicted in Cumberland County District Court, Fayetteville, NC, of Possession With Intent to Manufacture, Sell, and Deliver Cocaine Base (95CRS55784), Involuntary Manslaughter (95CRS55786), and Hit and Run Failure to Stop for Personal Injury (95CRS55786) and was sentenced to 10 to 12 months, 21 to 26 months, and 10 to 12 months, respectively, to run at the expiration of his federal sentence. On December 2, 2010, while serving his state sentence in NCDOC, he was convicted of Assault on Government Official and was sentenced to 150 days with 30 days active to run at the expiration of the

3

state sentence he was serving. The defendant was incarcerated in the NCDOC for Second Degree Murder until October 30, 2017.

This court granted the defendant's subsequent 18 U.S.C. § 3582(c)(2) motions and reduced his imprisonment term from 300 months to 210 months on February 5, 2014, and from 210 months to 168 months on January 17, 2019. Both reduced terms represented sentences at the top of the revised guideline imprisonment ranges of 168 to 210 months and 135 to 168 months, respectively.

The Modification to the PSR finds that one of defendant's prior convictions should no longer be counted and therefore the criminal history category is reduced from III to II, resulting in a reduced sentencing range of 121 to 151 months. Defendant did not file any objections to the Modification to the PSR, despite his contending he was entitled to a much lower sentence in his motion. The court finds the calculation of the guideline range in the Modification to the PSR to be proper.

Defendant's projected BOP release date is October 17, 2029. While in BOP, the defendant has completed course work in Holistic Stress, Prevent Back Injuries, Weight Management, Smoker's Cessation, Disease Prevention, Prevent Injuries, and Synthetic Marijuana Awareness. The payment period for the $50 special assessment expired before any payments could be rendered. He still owes $9,750 of the $10,000 fine.

While in the North Carolina Department of Correction (NCDOC), the defendant sustained at least 54 disciplinary infractions with the last one occurring seven days prior to his release from custody in 2017. He has sustained one BOP disciplinary infraction for Possessing a Non-Hazardous Tool (2018).

**III. Analysis**

Although the Government concedes that Defendant is eligible to be considered for a sentence reduction under Section 404, it argues this court should exercise its sound discretion, and deny defendant's motion. Defendant has previously received the benefit two sentence reductions pursuant to 18 U.S.C. 3582(c)(2). Given the seriousness of the offense conduct resulting in defendant's present incarceration, defendant's criminal history, and the need for this court's sentence to provide adequate deterrence and just punishment, the government argues no further sentencing reduction is warranted.

Here, the court has considered all the 3553(a) factors, including but not limited to the crime committed, the history and characteristics of the defendant, the need for just punishment and deterrence, as well as defendant's post sentencing conduct. Noting the lengthy sentences defendant received both at the state and federal level, the court grants the motion. However, considering the poor post sentencing conduct of defendant based on the number

5

of disciplinary infractions he has received in the NCDOC followed by a disciplinary infraction in the short time he has been in the BOP, the court will not vary below the guidelines. Therefore, the court, having considered all the appropriate factors, grants the motion and sentences defendant to a sentence of 151 months and a supervised release term of 4 years. A separate order amending judgment will be filed.

This 20th day of May 2021.

                                                    _____
                                                    Malcolm J. Howard
                                                    Senior United States District Judge

At Greenville, NC
#26